Newman, Circuit Judge,
concurring in the judgment of no liability.
With all respect to the panel majority, I do not share the view that the claims, correctly construed, are invalid for anticipation. The jury verdict sustaining validity on this ground is supported by substantial evidence. Anticipation “requires the presence in a single prior art disclosure of all elements of a claimed invention arranged as in the claim.” Connell v. Sears, Roebuck & Co., 722 F.2d 1542, 1548 (Fed. Cir. 1983); see also Therasense, Inc. v. Becton, Dickinson & Co., 593 F.3d 1325, 1332 (Fed. Cir. 2010); SynQor, Inc. v. Artesyn Techs., Inc., 709 F.3d 1365, 1375 (Fed. Cir. 2013). The record contains sufficient evidence to support a jury finding that Danckert’s teaching of a central cavity connected to the pressure source did not anticipate the invention described and claimed in the Melchior patents.
• However, the verdict of infringement is not supported by substantial evidence. By joint stipulation, both parties agreed that no infringement existed at any point in time when the external oil pump in the accused devices was operational. J.A. 5709. To support its infringement theory, Melchior had to present evidence establishing that the accused devices, in the fraction-of-a-second transition between hold and advance modes, operated contrary to design by sealing off the oil pump check valve. No such evidence appears on the record. All evidence of engine operation illustrates oil flowing through the pump valve, even during the transition mode described above.
On the basis that infringement was not established, I concur in the judgment of no liability.